Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
stephanie@thetatarlawfirm.com

*Attorney for Plaintiff*
*Ruby P. Nance*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUBY P. NANCE**<br><br>**Plaintiff,**<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., et al.**<br><br>**Defendants.** | Civil Action No. 8:14-cv-00669-R-E<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff Ruby P. Nance ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC ("Equifax") hereby submit the following Joint Rule 26(f) Report:

# SYNPOSIS

**Plaintiff:**

Plaintiff brings this action for damages against Defendants Equifax and Experian, two national credit reporting agencies, alleging violations of the Fair Credit Reporting Act ("FCRA") for their failure to assure the maximum possible accuracy of the Plaintiff's consumer credit files. Specifically, Defendants marked Plaintiff as "deceased" on her credit reports. As a result of Defendants' inaccurate reporting, Plaintiff has lost credit opportunities, experienced damage to her credit reputation and suffered emotional distress. Plaintiff seeks statutory, actual and punitive damages, as well as her costs of the action together with reasonable attorney's fees once she is successful in establishing liability.

**Experian:**

Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a

potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

**Equifax:**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax denies that Plaintiff is entitled to punitive damages in this action.

## LEGAL ISSUES

• Whether Experian and Equifax either negligently or willfully violated the 15 U.S.C. § 1681e(b), which requires a consumer credit reporting agency to maintain reasonable procedures to ensure the maximum possible accuracy of the information reported.

• Whether Plaintiff suffered any damage as a result of any alleged violation of the FCRA.

• Whether Experian and Equifax proximately caused Plaintiff's alleged damages.

• Whether Plaintiff is entitled to recover any actual damages pursuant to 15 U.S.C. § 1681o.

• Whether Plaintiff is entitled to recover any statutory and/or punitive damages pursuant to 15 U.S.C. § 1681n.

## DAMAGES

**Plaintiff:**

Plaintiff's statutory damages under the FCRA; actual/compensatory damages in the nature of credit denials and/or lost credit opportunities; actual/compensatory damages in the nature of credit defamation; actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; punitive damages; and attorneys' fees and costs.  These damages suffered by Plaintiff are well recognized as cognizable under the FCRA.  There is no "computation" for these damages other than their valuation by a jury.

**Experian:**

Experian does not allege any damages at this time but reserves the right to do so, and will provide a computation of each category of damages to the extent Experian exercises that right as a supplement to these disclosures.  Further, Experian denies all liability to Plaintiff for any damages.

**Equifax:**

Equifax does not seek any damages at this time but reserves the right to do so.  Further, Equifax denies all liability to Plaintiff for any damages.

## INSURANCE

Not applicable as to Plaintiff.

Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

Equifax is self-insured in this matter.

## MOTIONS TO AMEND

The parties do not intend to add other parties or claims, or to amend pleadings, or transfer venue at this time.

## INITIAL DISCLOSURES

Plaintiff served her initial disclosures on July 30, 2014.

Experian served its initial disclosures on August 7, 2014. Equifax will serve its initial disclosures by August 8, 2014.

## DISCOVERY NEEDED

The parties conducted their Rule 26(f) Conference on June 16, 2014. The parties do not propose any modifications to the disclosures required under Rule 26(a). The parties do not propose any modification the discovery limitations imposed by the Federal Rules of Civil Procedure or any local rule. The parties do not request a conference with the Court prior to entering a scheduling order.

Discovery is needed as to liability and damages. The parties seek separate discovery cut-off dates for non-expert discovery and expert discovery. The parties

anticipate propounding written discovery and taking depositions of, including but not limited to, Plaintiff and appropriate representatives from Experian and Equifax. The parties believe that expert testimony may be required on the subject of the practice of the credit reporting industry.

## DISPOSITIVE MOTIONS

Plaintiff does not anticipate filing a dispositive motion at this time.

Experian and Equifax anticipate that they may file motions for summary judgment, in whole or in part, depending on the information obtained in discovery.

## SETTLEMENT

The parties believe that there is a good possibility of resolving this matter. Subject to the Court's approval, the parties wish to conduct a mediation with Gail Killefer, Esq. who is a member of the Mediation Panel for the Central District of California. The Parties refer the Court to the ADR-02 form submitted herewith. The parties believe that it would be most productive to have the mediation no later than 45 days before the close of discovery.

## DISCOVERY PLAN

The parties propose the following discovery plan:

- Deadline for Factual Discovery: February 6, 2015

- Deadline for disclosure of initial expert reports: February 6, 2015

- Deadline for disclosure of rebuttal expert reports: March 6, 2015

- Deadline for Completion of Expert discovery: March 31, 2015

- Deadline to file dispositive motions: April 30, 2015

- Trial date: July 2015

## OTHER ITEMS

The parties agree that the issues in this matter do not warrant classification of this case as complex and should not be subject to the procedures outlined in the Manual for Complex Litigation.

The parties agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of information that is deemed confidential, trade secret, and/or commercially sensitive. The parties will submit a draft stipulated protective order for consideration and entry by the Court.

Respectfully submitted,

*/s/ Stephanie R. Tatar*
Stephanie R. Tatar
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, CA 91505

*Attorney for Plaintiff*
*Ruby P. Nance*

*/s/ Nilab N. Rahyar*
Nilab N. Rahyar
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine CA 92612

*Attorney for Defendant*
*Experian Information Solutions, Inc.*


*/s/ Thomas P. Quinn*
Thomas P. Quinn
NOKES & QUINN, APC
410 Broadway, Suite 200
Laguna Beach CA 92651

*Attorney for Defendant*
*Equifax Information Services LLC*


Dated: August 8, 2014